IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ABDELRAHMAN AYYAD  )<br>8660 Hill Spring Drive  )<br>La Plata, MD 20646  )<br>  )<br>Defendant.  )<br>_____ ) | Case No. 18-cv-1784 |

# COMPLAINT

The United States of America brings this action pursuant to 31 U.S.C. § 3711 at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States to collect the outstanding civil penalties assessed against Defendant Abdelrahman Ayyad under 31 U.S.C. § 5321 for his willful failure to report his interest in two foreign bank accounts during tax years 2009, 2010, 2011, and 2012, as required by 31 U.S.C. § 5314 and its implementing regulations.

## I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355 because it arises under a federal statute, it is for the enforcement of a penalty incurred under an Act of Congress, and because the plaintiff is the United States of America.

2. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in La Plata, Maryland.

## II.  DEFENDANT'S FOREIGN BANK ACCOUNT AND FAILURE TO REPORT

3. For four years, Defendant Abdelrahman Ayyad willfully failed to report his interest in two foreign bank accounts.

4. During tax years 2009, 2010, 2011, and 2012, Defendant had an interest in the following foreign bank accounts at the Cairo Amman Bank in Jordan:

   a. Account Number x-02 7100 ("the Personal Account"); and

   b. Account Number x-1500 ("the Business Account").

5. The Personal Account (x-02 7100) was in Defendant's name, Abdelrahman Ayyad.

6. The Business Account (x-1500) was in the name of Middle East American Furniture Company, a furniture-selling business owned by Defendant.

7. Section 5314 of Title 31 of the U.S. Code and its implementing regulations require a person to keep records and file reports when they have a "financial interest in or signature authority over" a foreign financial account that "exceeds $10,000 at any time during the tax year." *See* Form TD 90-22.1.  Such reports must be filed with the Internal Revenue Service ("Service") on the Treasury Form TD 90-22.1, Report of Financial Bank and Financial Accounts ("FBAR").

8. During tax years relevant to this suit, the filing deadline for the FBAR was on or before June 30th of the year following the tax year for which the report was made.  31 C.F.R. § 1010.306(c).

9. Section 5321(a)(5) of Title 31 provides for the imposition of civil penalties against an individual who willfully fails to comply with the reporting requirements of Section 5314.

10. The aggregate amount in Defendant's Cairo Amman Bank accounts identified above in paragraph 4 exceeded $10,000 in U.S. currency during the tax years 2009, 2010, 2011, and 2012.

Accordingly, Defendant was required to file an FBAR reporting his financial interest in the Cairo Amman Bank accounts on or before June 30th of the following years.

11. Defendant did not file FBARs for tax years 2009, 2010, 2011, and 2012.

12. On Schedule B of his Form 1040 for tax year 2009, Defendant checked "Yes" in response to the question of whether he owned, or had an interest in, a foreign bank account.  However, he did not file an FBAR reporting his interest in the Cairo Amman Bank accounts.

13. On Schedule B of his Form 1040 for tax year 2010, Defendant checked "Yes" in response to the question of whether he owned, or had an interest in, a foreign bank account.  Although Defendant filed an FBAR for tax year 2010, the FBAR did not report his interest in either Cairo Amman Bank account.

14. On Schedule B of his Form 1040 for tax year 2011, Defendant checked "Yes" in response to the question of whether he owned, or had an interest in, a foreign bank account.  However, he did not file an FBAR reporting his interest in either Cairo Amman Bank account.

15. On Schedule B of his Form 1040 for tax year 2012, Defendant checked "Yes" in response to the question of whether he owned, or had an interest in, a foreign bank account.  Although Defendant filed an FBAR for tax year 2010, the FBAR did not report his interest in either Cairo Amman Bank account.

16. As evidenced by the facts set forth in paragraphs 12-15, Defendant was aware of the FBAR filing and reporting requirements but nevertheless failed to file FBARs reporting his interest in the foreign bank accounts.

17. Defendant was also aware that the aggregate balance in the Cairo Amman Bank accounts exceeded $10,000 in tax years 2009 through 2012 as evidenced by the large deposits that Defendant made into the Cairo Amman Bank accounts.

18. Defendant made the following deposits into the Personal Account during the relevant time periods:

    a. $200,000 on October 7, 2009;

    b. $100,000 on January 5, 2010;

    c. $100,000 on February 25, 2010;

    d. $100,000 on November 5, 2010;

    e. $100,000 on December 6, 2010;

    f. $135,975 on October 21, 2011;

    g. $499,970 on May 25, 2012.

19. Defendant also made the following deposits into the Business Account during the relevant time periods:

    a. $400,00 on October 26, 2009;

    b. $100,000 on March 8, 2010;

    c. $100,000 on August 9, 2010;

    d. $200,000 on February 16, 2011;

    e. $50,000 on April 29, 2011;

    f. $50,000 on May 9, 2011;

    g. $50,000 on June 2, 2011;

    h. $50,000 on July 21, 2011;

    i. $150,000 on September 19, 2011;

    j. $100,000 on October 21, 2011;

    k. $100,000 on December 7, 2011.

20. Defendant willfully violated the reporting requirements of Section 5314 of Title 31 of the U.S. Code by failing to file FBARs reporting his interest in the Cairo Amman Bank accounts during tax years 2009 through 2012.

### III.   REDUCE TO JUDGMENT FBAR PENALTY ASSESSMENTS

21.  The United States incorporates paragraphs 1 through 20 as if fully set forth herein.

22. On June 24, 2016, a delegate of the Secretary of the Treasury made the following assessments of FBAR penalties against Abdelrahman Ayyad for his willful failure to report his interest in the foreign bank accounts described above in paragraph 4:

| Account | Tax Year | FBAR Penalty (§5321) Assessment |
|---|---|---|
| Business Account (x-1500) | 12/31/2009 | $72,972.97 |
| Personal Account (x-02 7100) | 12/31/2009 | $44,588.05 |
| Total | | $117,561.02 |

23. On September 22, 2016, a delegate of the Secretary of the Treasury made the following assessments of FBAR penalties against Abdelrahman Ayyad for his willful failure to timely report his interest in the foreign bank accounts described above in paragraph 4:

| Account | Tax Year | FBAR Penalty (§5321) Assessment |
|---|---|---|
| Business Account (x-1500) | 12/31/2010 | $109,459.46 |
| Personal Account (x-02 7100) | 12/31/2010 | $133,764.14 |
| Business Account (x-1500) | 12/31/2011 | $246,283.78 |
| Personal Account (x-02 7100) | 12/31/2011 | $164,078.44 |
| Business Account (x-1500) | 12/31/2010 | $246,283.78 |
| Personal Account (x-02 7100) | 12/31/2012 | $275,541.87 |
| Total | | $1,175,411.47 |

24. Despite notice and demand for payment of the assessments described in paragraphs 22 and 23, Defendant neglected or refused to make full payment of those assessments.

25. Defendant is indebted to the United States for FBAR penalties related to his foreign bank accounts at the Cairo Amman Bank in the total amount of $1,448,432 as of June 5, 2018, including accrued statutory interest and penalties that will continue to accrue thereafter according to law until the balance is paid in full.

WHEREFORE, the United States of America respectfully requests that the Court adjudge and decree as follows:

    A. That judgment be entered against Defendant Abdelrahman Ayyad, and in favor of the United States, in the amount of $1,448,432, plus such additional amounts, including interest and penalties, which have accrued from June 5, 2018 and will continue to accrue as provided by law; and

    B. That the United States shall recover its costs in this action, and be awarded such other and further relief as this Court deems just and proper.

//


//


//

DATED:  June 15, 2018                           RICHARD E. ZUCKERMAN
                                                                             Principal Deputy Assistant Attorney General

                                                                             ROBERT K. HUR
                                                                             United States Attorney

                                                                             /s/*Joycelyn S. Peyton*
                                                                             JOYCELYN S. PEYTON
                                                                             Trial Attorney, Tax Division
                                                                             U.S. Department of Justice
                                                                             Post Office Box 227
                                                                             Washington, D.C.  20044
                                                                             Tel:  202-514-6576
                                                                             Fax:  202-514-6866
                                                                             Joycelyn.S.Peyton@usdoj.gov
                                                                             *Counsel for the United States*