IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-01784-PX |
| ABDELRAHMAN AYYAD, | * | |
|    Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending before the Court is the United States' motion to withdraw or amend deemed admissions, ECF No. 20, and Defendant Abdelrahman Ayyad's motion for summary judgment. ECF No. 17. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS the United States' motion and DENIES Ayyad's motion.

**I.     Background**

On June 15, 2018, the United States filed suit against Ayyad, pursuant to 31 U.S.C. § 3711, to collect $1.4 million in civil tax penalties that had been assessed against him for willful failure to file Financial Bank and Financial Accounts Reports ("FBARs") related to two foreign bank accounts held with the Cairo Amman Bank in Jordan from 2009 to 2012. ECF No. 1. Specifically, the United States contends that, pursuant to 31 U.S.C. §§ 5314 and 5321 and corresponding regulations, Ayyad was required to file FBARs because he maintains "a financial interest in, or signature or other authority over, a bank security, or other financial account in a foreign country" with an aggregate annual balance of more than $10,000. *See also* Treasury Form TD 90-22.1. Section 5321(a)(5) imposes civil penalties for willful violations of FBAR

filing requirements.

According to the United States, Ayyad maintained a personal foreign account and a business foreign account in the name of the American Middle East Furniture Company, LLC, a business that he operated in Jordan. ECF No. 1 ¶¶ 4–6; ECF No. 17-3 ¶ 6. The United States further contends that the aggregate amount in both accounts exceeded $10,000 during the 2009 through 2012 tax years; that Ayyad reported the foreign accounts on his federal income tax returns for these tax years; and that he knowingly failed to file FBARs (either accurately or at all). ECF No. 1 ¶¶ 10–20. Based on this failure, says the United States, Ayyad owes $1,448,432 in penalties as of June 5, 2018, plus statutory interest and other penalties that accrue, by law, until the balance is paid in full. ECF No. 1 ¶ 25. To collect the unpaid penalties, the United States initiated this action.

The Court first issued a scheduling order on October 15, 2018, and has amended discovery deadlines on three previous occasions. ECF Nos. 7, 10, 14, 16. Discovery will close on October 2, 2019. ECF No. 16.

On April 15, 2019, Ayyad propounded on the United States his Requests for Admissions ("Requests") pursuant to Rule 36(a) of the Federal Rules of Civil Procedure. ECF No. 21-1 (Ex. 3). Under Rule 36(a)(3), the party receiving the Request must respond within thirty days or the subject matter of the Request is deemed admitted. In this case, the parties agreed to extend the deadline for the United States' response until June 17, 2019. ECF No. 20 at 3–4. However, the United States did not submit any response by this agreed-upon date. ECF No. 20 at 4; ECF No. 21 at 2.

Two weeks after, on July 2, 2019, Ayyad moved for summary judgment in his favor, relying exclusively on the putatively deemed admissions in support. ECF No. 17. On July 17,

2019, the United States served on Ayyad its responses to the Requests. ECF No. 20-3 ¶ 9. The United States also separately moved to withdraw or amend the matters deemed admitted by virtue of its failure to respond to the Requests by the agreed-upon date. As grounds, the United States explained that Government counsel had been hospitalized for a medical condition and after she was released, immediately began trial in Chattanooga, Tennessee. Counsel also had docketed erroneously the response deadline for July 17. ECF No. 20-3 (Peyton Decl.). The failure to file a timely response, asserts the United States, was thus inadvertent and excusable. ECF No. 20 at 4.

## II.     Government's Motion to Amend or Withdraw Admissions

The United States urges this Court to allow amendment or withdrawal of the admissions due to Government counsel's hospitalization and contemporaneous trial demands. ECF No. 20 at 5–8.

As an initial matter, Rule 36 "does not *require* the Court to treat all facts as admitted when a litigant fails to timely respond to Requests for Admissions." *Uribe v. Aaron's, Inc.*, No. GJH-14-0022, 2014 WL 4851508, at *3 (D. Md. Sept. 26, 2014) (emphasis in original); *see also United States v. Turk*, 139 F.R.D. 615, 617–18 (D. Md. 1991) (recognizing that "the sanctions expressed by Federal Rule of Civil Procedure 36(a) are not mandatory" for the court). Indeed, "[t]he Rule expressly provides that this Court *may* shorten or lengthen the time a party is allowed to respond." *Turk*, 139 F.R.D. at 618 (emphasis added); *see also* Fed. R. Civ. P. 36(a)(3) ("[a] shorter or longer time for responding may be stipulated to under Rule 29 or *be ordered by the court*") (emphasis added). The Court, therefore, is well within its discretion to enlarge the time to respond to Requests for Admission even if the responses are already untimely. *See e.g., Nguyen v. CNA Corp.*, 44 F.3d 234 (4th Cir. 1995) (noting that it is within the district court's

discretion whether to deem requests as admitted or allow an extension of time to respond); *Turk*, 139 F.R.D. at 618 ("because the district court has the power to allow a longer time, courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely") (internal quotation omitted). Rule 36(b) further provides that the court may allow withdrawal of such admissions to "promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *see also Webb v. Green Tree Servicing*, LLC, No.–11–2105, 2013 WL 5442423, at *18 (D. Md. Sept. 30, 2013).

      Here, the Court will allow the United States to amend the responses. Government Counsel had been hospitalized and under water with an out of state trial, resulting in a one-month delay in responding. Ayyad's summary judgment motion capitalizes on a one-month delay in responding, and urges the Court to decide the case not on its actual merits, but solely because the United States failed to respond to the admissions by June 17. Allowing amendment ensures that the case is decided on the evidence produced by both sides and in good faith, not "admissions" that are the product of a trial attorney's unfortunate hospitalization and contemporaneous trial schedule. In this respect, allowing amendment would align with this Circuit's "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see also* Fed. R. Civ. P. 36 Advisory Committee's Note on Rules—1970 Amendment (noting that the purpose of Rule 36(b) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.").

      Ayyad, in response, contends that he has been "prejudiced" because he complied with the discovery schedule, expended resources to respond to written discovery, and now would not be

able to take advantage of this diligence "in reliance on the Federal Rules of Civil Procedure" if amendment were permitted. ECF No. 23 at 7. But compliance with the rules does not amount to prejudice if the Court, in its discretion, finds enlargement of time justified. This is especially so where discovery is ongoing. *See Butler v. PP & G, Inc.*, No. CIV.A. WMN-13-43, 2013 WL 4026983, at *3 (D. Md. Aug. 6, 2013) (finding no prejudice to opposing party where "discovery has not yet closed and thus, [the opposing party] still has the opportunity to gather evidence in support of her case"); *see also Union Pac. R.R. Co. v. Balt. & Annapolis R.R. Co.,* No. 08–2685, 2009 WL 3633349 at *2 (D.Md. Oct. 27, 2009) (finding party would not be prejudiced where opposing party's responses to the admissions were only one month late). Ayyad has failed to demonstrate how the brief delay prejudices him. Accordingly, the Court grants the United States' motion, and its July 17 responses are the operative responses.

### III.    Summary Judgment

Because the Court has granted the United States' motion to amend its responses, it likewise denies Ayyad's motion for summary judgment. Summary judgment is appropriate when the court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)).

Obviously, the success of Ayyad's motion depends solely on the now-stricken "admissions." For example, Ayyad asks this Court to find as a matter of law that he had no interest in the relevant bank accounts. However, without the United States' "admission" in this regard, the evidence—to include Ayyad's federal income tax returns and Ayyad's interrogatory responses—fairly supports that he maintained an interest in these accounts. ECF No. 21-1 at 37–39, 1–8. This evidence, construed most favorably to the United States, compels denial of Ayyad's motion.

Similarly, Ayyad relies on the "admissions" to undermine that his failure to file FBARs was willful. ECF No. 17-1 at 11. But when these "admissions" are put to the side, the evidence, viewed most favorably to the United States, including Ayyad's FBARs, his tax returns and memoranda generated by the IRS, allows a reasonable factfinder to conclude the failure was willful. ECF No. 21-1 at 37–42, 55–62. Summary judgment in Ayyad's favor must be denied.

### IV.  Conclusion

For the foregoing reasons, the Court grants the United States' motion to withdraw or amend deemed admissions (ECF No. 20) and denies Defendant Abdelrahman Ayyad's motion for summary judgment (ECF No. 17).

|  9/5/2019  |  /S/  |
|---|---|
| Date | Paula Xinis<br>United States District Judge |